

FILED

JUN 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FERNANDO PENA BALBUENA;
ANGELA NUNEZ GUERRERO,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-73827

Agency Nos. A079-537-786
A079-537-787

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010**

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Fernando Pena Balbuena and Angela Nunez Guerrero, natives and citizens

of Mexico, petition pro se for review of Board of Immigration Appeals' order

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination, *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 850-51 (9th Cir. 2004), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that petitioners did not meet their burden of establishing continuous physical presence, *see* 8 U.S.C. § 1229b(b)(1)(A), because their testimony was materially inconsistent with their witness' testimony and affidavits regarding their place of residence after entry, *cf. Vera-Villegas v. INS*, 330 F.3d 1222, 1231-34 (9th Cir. 2003), and petitioners failed to provide sufficient supporting documentation attesting to their presence prior to 1994, *see Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001) (holding that an IJ may require documentary evidence when she either does not believe an applicant or does not know what to believe).

We do not consider petitioners' contention regarding hardship, because their failure to establish continuous physical presence is dispositive. *See* 8 U.S.C. § 1229b(b)(1)(A).

**PETITION FOR REVIEW DENIED.**

07-73827